David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554 FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
5510 S. Fort Apache Rd, Suite 30
Las Vegas, NV 89148-7700
Phone: (702) 856-7430
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| William M. Williamson,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LexisNexis Risk Solutions,<br><br>　　　　　Defendant. | Civil Action No.:<br><br>**COMPLAINT FOR DAMAGES PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction because this case arises out of violations of federal law. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F. Supp. 2d 941, 946 (D. Nev. 2011).

1

2. This action arises out of Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681(x) ("FCRA").

3. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in Clark County, the State of Nevada and because Defendant is subject to personal jurisdiction in the County of Clark, State of Nevada as it conducts business there. Venue is also proper because the conduct giving rise to this action occurred in Nevada. 28 U.S.C. § 1391(b)(2). Further, Defendant has a registered agent of service in Nevada and is listed with the Nevada Secretary of State as a foreign limited liability company doing business in Nevada.

## PARTIES

4. Plaintiff William M. Williamson ("Plaintiff") is a natural person residing in the County of Clark, State of Nevada. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. LexisNexis Risk Solutions ("Lexis") is a "Consumer Reporting Agency" as that term is defined by 15 U.S.C. § 1681a(f) because it regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Lexis is a corporation doing business in Nevada.

6. Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

//

//

//

# FACTUAL ALLEGATIONS

## *Statutory Background*

7. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the FCRA to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers.

8. The FCRA protects consumers through a tightly wound set of protections from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

9. Furthering the FCRA's goal of accuracy, a consumer may dispute the accuracy or completeness any item of information appearing in their file. 15 U.S.C. 1681i(a). Once notified of a dispute, a reporting agency must notify the source of information, who must in turn conduct an investigation of the disputed item pursuant to Section 1681s-2(b). The

reporting agency must timely notify the disputing consumer regarding the results of its reinvestigation.

10. As part of its affirmative obligations to ensure the accuracy of its reported data, the consumer reporting agencies are also required to adopt "reasonable procedures designed to ensure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

11. The FCRA also entitles the consumer to take an active role in the protection of his or her sensitive personal information, by giving the consumer a right to request "[a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1).[1] Disclosure of complete information in a consumer's file permits the consumer to determine whether any information is inaccurate, as well as protect a consumer's privacy. *See* 15 U.S.C. § 1681a(d)(2)(A)(iii); 1681b(c).

12. Specifically, and pursuant to Section 1681g, when a CRA discloses to a consumer that consumer's file, the disclosure must "clearly and accurately" reflect all the information in that consumer's file at the time of the disclosure. 15 U.S.C. § 1681g(a)(1). Information which is either unclear or inaccurate violates the statute and creates liability. *See Leoni v. Experian Information Solutions, Inc.*, No. 17-cv-1408-RFB-VCF, 2019 WL 4866118, at *4 (D. Nev. Sept. 26, 2019). The Ninth Circuit evaluates the clarity and accuracy of a disclosure by recourse to how an average consumer would view them. *See Shaw v. Experian Information Solutions, Inc.*, 891 F.3d 749 (9th Cir. 2018). "File," is explicitly defined in the FCRA, and when applied to consumers, means, "all of the information on that consumer and

---

[1] This requirement is subject to exceptions in Sections 1681h(a)(1) and 1681g(a)(1)(A)-(B), which are not relevant here.

retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g). The Ninth Circuit has defined "file" as all information the CRA maintains on a consumer that has been, or might be, included in a consumer report on that consumer. *See Shaw*, 891 F.3d at 759-60. Disclosure also furthers the FCRA's privacy policies, by providing a consumer the opportunity to self-police their reported information for fraud, as well as to determine whether that consumer should exercise their rights to refuse to permit a company to share data between its affiliate companies, as well as to opt out of receipt of promotional mailings. *See* 15 U.S.C. §§ 1681a(d)(2)(A)(iii); 1681b(c).

### *Lexis Violates Section 1681e(b), 1681g(a)(1), and 1681i.*

13. Pursuant to Plaintiff's request, Lexis provided him with a series of Section 1681g disclosures on July 16, 2019 (collectively, "Lexis Disclosures"). Thereon, Lexis reported an address on Charleston Blvd. in Las Vegas, Nevada ("Incorrect Address"). This item of information was patently incorrect and materially misleading, as Plaintiff never lived at the Incorrect Address.

14. Lexis's disclosure of the above inaccurate information violated Section 1681g(a)(1). Lexis's inclusion of this information also underscored its failure to implement reasonable procedures designed to ensure the maximum accuracy of the data it reported, in violation of Section 1681e(b), because the property records for the account were publicly available.

15. On or about October 30, 2019, and pursuant to 15 U.S.C. 1681i(a)(2), a dispute letter was sent which notified Lexis of the Incorrect Address, as well as other issues ("Lexis Dispute Letter"). This letter was sent in writing, outlined the claimed incorrect and inaccurate credit information Lexis reported, and requested that the inaccurate, incorrect, and/or aged derogatory information be removed, corrected or deleted. Plaintiff also requested that if

the information was not updated per his request, that Lexis add a statement indicating that the information was disputed.

16. Lexis was required to conduct a reinvestigation into this item of information on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i. A reasonable reinvestigation would have corrected all of the above-referenced inaccurate information.

17. On or about December 4, 2019, Plaintiff received a reinvestigation from Lexis ("Lexis Reinvestigation"). Therein, Lexis continued to report the Incorrect Address.

18. Consequently, Lexis failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i, failed to review all relevant information Plaintiff provided in his Lexis dispute, as required by and in violation of 15 U.S.C. § 1681i, and wrongly verified inaccurate information in connection with Plaintiff's credit reports.

19. By inaccurately reporting this information, Lexis failed to take the appropriate measures as required under 15 U.S.C. §§ 1681i(a) and 1681e(b).

20. The Lexis Dispute Letter also included a statement of dispute as that term is meant pursuant to 15 U.S.C. § 1681i(b). Specifically, the Plaintiff requested that in the event Lexis failed to make the requested corrections identified in the Lexis Dispute Letter that Lexis include a statement on the Plaintiff's credit report stating that the instant information was disputed. However, Lexis failed to provide such a statement and thereby breached its statutory obligations under 15 U.S.C. § 1681i(b).

21. Upon information and belief, Lexis would have also failed in Plaintiff's subsequent consumer reports containing the above disputed information to clearly note that this account was disputed by Plaintiff and provide either Plaintiff's dispute statement or a clear

and accurate codification or summary of the dispute in violation of Lexis's statutory obligations under 15 U.S.C. § 1681i(c).

22. Lexis's continued incomplete and inaccurate reporting was willful, because the statutory and interpretative guidance related to Sections 1681e(b), 1681g, and 1681i is clear, such that Lexis's interpretations of its obligations created an unreasonably high likelihood that it would not comply with these obligations. Plaintiff is, accordingly, eligible for statutory damages against Lexis.

23. Also as a result of Lexis's continued incomplete and inaccurate reporting of the disputed information, Plaintiff has suffered actual damages, including without limitation transportation costs, lost time, as well as damage to his creditworthiness. Plaintiff has also suffered emotional distress in the form of, *inter alia*, feelings of anxiety, anger, chronic pain and fatigue, concentration loss, disbelief, fatigue, guilt, fear, embarrassment, frustration, fear, humiliation, and insomnia. These issues have also distracted Plaintiff from family matters.

24. Plaintiff has been required to retain counsel to prosecute this action based on this defective investigation and reinvestigation, and is entitled to recover reasonable attorney's fees and costs.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions related to Defendants constitute numerous and multiple willful, reckless or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

27. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendants.

28. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2) from Defendants.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendants:

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681 *ET SEQ*. (FCRA)**

- an award of actual damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);
- an award of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and
- any other relief the Court may deem just and proper.

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 22, 2020

        Respectfully submitted,

        /s/ David H. Krieger, Esq.
        David H. Krieger, Esq.
        HAINES & KRIEGER, LLC
        8985 S. Eastern Ave., Suite 350
        Henderson, NV 89123

        Matthew I. Knepper, Esq.
        Miles N. Clark, Esq.
        KNEPPER & CLARK LLC
        5510 S. Fort Apache Rd, Suite 30
        Las Vegas, NV 89148-7700

        Attorneys for Plaintiff